UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEATHER SHEARER,

    Plaintiff,

v.                                                    Case No: 8:14-cv-2689-T-27JSS

EDGER ASSOCIATES INC. and
GERALD TERENZI,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendants' Motion for Summary Judgment (Dkt. 13) and Plaintiff's opposition (Dkt. 21). Upon consideration, Defendants' motion is **GRANTED**, because the undisputed facts demonstrate that Plaintiff was paid for all time worked, including overtime.

### Summary

The undisputed facts demonstrate that Plaintiff Heather Shearer was paid for a 40 hour work week every week she was employed by Defendants, including commute time, whether she worked a full 40 hours or not. And she was always paid overtime when she claimed it on her time sheets, which she kept. Notwithstanding, she asserts two overtime wage claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

Count I of Shearer's complaint is her individual FLSA claim. First, she contends that she is owed overtime compensation for time spent commuting from her home to her first assignment of the day and from her last assignment of the day back home. As will be discussed, this commute time is not compensable under the Portal to Portal Act and therefore cannot support her claim for overtime pay. And although she contends that she was instructed to deduct one hour each day from

her time sheets to account for her commute time, since commute time is not compensable, the deduction is not material to her claim for overtime compensation. Moreover, Defendants' records, including Shearer's time sheets and the time and date stamps on the ultrasound machine she used, negate any reasonable inference supporting her claim for overtime compensation.

Second, she claims that she should have been compensated for the handful of minutes each day that it took to upload ultrasounds to the server and to download echocardiograms. She has no records of this time, however, and is unable to quantify it, having testified that she sometimes did this during compensated downtime during the day. She relies on the testimony of another employee, Heather Dotson, to support this claim, but Dotson did not testify about Shearer's timekeeping practices. Regardless, this time, at least to the extent Shearer is able to quantify it, is *de minimis* in the context of the FLSA.

Count II is a purported collective action under the FLSA. Since no other individuals have opted into the collective action, it will be dismissed. 29 U.S.C. § 216(b); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008).

## I.    BACKGROUND

From December 2011 to July 2014, Shearer worked as a full time cardiac sonographer for Edger Associates Inc., which was controlled by Gerald Terenzi. (Dkt. 1 ¶¶ 8, 11-12). She performed cardiovascular ultrasounds at the locations of Defendants' clients, including hospitals, nursing homes, physicians' offices, patients' homes, and prisons. (G. Terenzi Dep., Dkt. 17 at 9:10-18). Shearer, who traveled in an automobile provided by Defendants, transported a mobile ultrasound machine, accessories, and laptop computer to each location. (Dotson Dep., Dkt. 15 at 30:22-25, 33:2-35:3; Shearer Dep., Dkt. 14 at 20:15-21:15).

Shearer began her workday by calling Edger's office at 8:30 a.m. to receive her schedule for the day. (Shearer Dep. at 21:25-22:13). She drove directly from her home in Venice, Florida to her first appointment of the day and returned directly home from her last appointment of the day. (*Id.* at 48:15-53:3). Her normal schedule was 9:00 a.m. to 5:00 p.m., Monday through Friday. (*Id.* at 40:7-12). She was responsible for keeping track of her hours and submitting a time sheet every two weeks. (*Id.* at 25:14-22, 47:13-20).

Defendants' policy was to pay for all commute time, including commute time from home to the first appointment of the day and from the last appointment of the day to home. (Dotson Dep. at 20:8-14, 21:21-22:3; G. Terenzi Dep. at 16:24-18:15). Defendants also paid Shearer for all wait time away from home, even if no appointments were scheduled. (*Id.*) In other words, Defendants paid Shearer for 40 hours per week, whether she actually worked those hours or not. Despite this, Shearer testified that Gerald Terenzi told her to deduct one hour each day from her time sheet to account for commute time. (Shearer Dep. at 26:20-27:2, 76:7-77:7). Terenzi denies telling Shearer to do this. (G. Terenzi Dep. at 23:1-11).

## II. STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine factual dispute exists only if a reasonable fact-finder 'could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict.'" *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is material if it may affect the outcome of the suit under the governing law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine disputes of material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party fails to demonstrate the absence of a genuine dispute, the motion should be denied. *Kernel Records*, 694 F.3d at 1300 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 606-08 (11th Cir. 1991)). Once the movant adequately supports its motion, the burden shifts to the nonmoving party to show that specific facts exist that raise a genuine issue for trial. *Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815 (11th Cir. 2010). The nonmoving party must "go beyond the pleadings," and designate specific facts showing that there is a genuine dispute. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). The evidence presented must be viewed in the light most favorable to the nonmoving party. *Ross v. Jefferson Cnty. Dep't of Health*, 701 F.3d 655, 658 (11th Cir. 2012).

### III. DISCUSSION

#### A. Claim for Unpaid Overtime

The FLSA requires that employers pay one and a half time regular wages to employees who work more than 40 hours per week. 29 U.S.C. § 207(a)(1). To establish a FLSA claim based on denial of overtime, Shearer must show that she was "suffered or permitted to work without compensation." *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314-15 (11th Cir. 2007) (citing 29 U.S.C. § 201 *et seq.*). She must establish that (1) she worked unpaid overtime hours, and (2) her employer knew or should have known of the overtime work. *Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801 (11th Cir. 2015).

"Although a FLSA plaintiff bears the burden of proving that he or she worked overtime without compensation, 'the remedial nature of this statute and the great public policy which it embodies ... militate against making that burden an impossible hurdle for the employee.'" *Allen*, 495 F.3d at 1314-15 (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). To that end, "it is possible that Plaintiff['s] burden at trial may ultimately be met with evidence other than precise, written documentation." *Id.* at 1317.

To establish that an employer was aware that an employee was working unpaid overtime hours, "a court need only inquire whether the circumstances were such that the employer either had knowledge of overtime hours being worked or else had the opportunity through reasonable diligence to acquire knowledge." *Reich v. Dep't of Conservation & Nat. Res., State of Ala.*, 28 F.3d 1076, 1082 (11th Cir. 1994) (quoting *Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508, 512 (5th Cir. 1969))[1] (further and internal quotation and citation omitted).

### B. Shearer's Claim and the Portal to Portal Act

Shearer contends that notwithstanding that she was required to submit time sheets reflecting her work hours, and was paid for all overtime she claimed in her time sheets, those time sheets are inaccurate because at Gerald Terenzi's direction, she deducted one hour per day from her time sheets for her commute time. (Shearer Dep. 76:7-77:7). She contends that she was not compensated for the deducted hours and is therefore entitled to overtime, arguing that those five hours would have increased her hours to over 40 per week. It is important to note that Shearer's claim is limited to travel time from her home to her first workplace of the day and from her last workplace of the day

---

[1] Opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

5

back home:

> Q: Ms. Shearer . . . could you tell us what time it is that you believe you have not been paid for or were not paid for correctly?
> A: Travel time.
> Q: All right. And what travel time have you not been paid for?
> A: The hour that was commute time.
> Q: The hour that involved going from you home to your first job?
> A: Uh-huh. (Indicates affirmatively).
> Q: And then back home?
> A: Yes, I guess. (Shearer Dep. 73:2-13).[2]

Shearer relies on *Allen*, 495 F.3d 1306, in which summary judgment was granted in favor of the employer because the employer paid overtime for all hours recorded on the employees' time sheets. The Eleventh Circuit reversed because the plaintiffs testified that "they were discouraged from accurately recording overtime work on their time sheets, and were encouraged to falsify their own records by submitting time sheets that reflected their scheduled, rather than actual, hours." 495 F.3d at 1317. Those circumstances are distinguishable from Shearer's.

Accepting Shearer's testimony that Gerald Terenzi instructed her to deduct an hour per day for her commute time, any discrepancy or inaccuracy in her time sheets is not material to her claim for overtime compensation, unlike *Allen*. Shearer's difficulty is that her commute time to and from home was not compensable under the Portal to Portal Act, and therefore the one hour she deducted cannot constitute uncompensated overtime.

The Portal to Portal Act provides that home-to-work commute time normally falls outside FLSA protection. *See* 29 U.S.C. § 254(b); *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1342 (11th Cir. 2007); *Burton v. Hillsborough Cty., Fla.*, 181 Fed. App'x 829, 834 (11th Cir. 2006),

---

[2] During her deposition, Shearer also mentioned an instance when she was denied overtime for reasons she could not explain and on a date she could not remember (*id.* at 72:16-73:21), but she does not argue in her opposition to summary judgment that any denial of overtime was inappropriate beyond the one hour deducted for travel time.

*cert. denied,* 549 U.S. 1019 (2006) ("'Normal travel from home to work whether at a fixed location or at different job sites is not worktime' because it is 'an incident of employment,' and is therefore not compensable.") (quoting 29 C.F.R. § 785.35). And the use of an employer-owned vehicle does not eliminate the distinction between incidental or non-compensable travel and required or compensable travel. *Id.* at 835. (" . . . if an employee uses an employer's car for (1) travel (meaning travel to and from home and the place of principal activity, . . . or (2) incidental or preliminary and postliminary activities, that time is non-compensable."). Even if an employer's "custom or practice" is to compensate employees for travel from home to work and back home, as Edger's was, those hours need not be "counted as hours worked" for the purposes of the FLSA. 29 C.F.R. § 785.34.

Shearer contends that the Portal to Portal Act does not apply because transporting the ultrasound machine and accessories was an "integral and indispensable" part of the job, and therefore not covered by the Portal to Portal Act. *Steiner v. Mitchell*, 350 U.S. 247, 252-53 (1956). However, courts have consistently held that travel time from home to the first work location and from the last work location back home is exempt under the Portal to Portal Act and therefore not covered by the FLSA, even when employees transport tools necessary for the job. *See Bonilla*, 487 F.3d at 1342-44 (airport workers need not be compensated for time passing through security checkpoint and riding buses to their ultimate work sites, even though they carried personal safety tools); *Singh v. City of New York*, 524 F.3d 361, 365 (2d Cir. 2008) (Sotomayor, J.) (holding that fire alarm inspectors who departed from home to the first inspection site of the day and returned home from the last inspection site of the day, all the while carrying a briefcase of materials for the inspection, were not eligible for FLSA protection for their commute to and from home); *Aiken v. City of Memphis*, 190 F.3d 753, 758 (6th Cir. 1999) (holding that the Portal to Portal Act exempted from FLSA coverage the time canine

officers spent commuting with their canines to and from home).

The Supreme Court's recent decision in *Integrity Staffing Solutions v. Busk*, 135 S.Ct. 513 (2014), confirms that merely because an employer "required" an employment activity is insufficient to remove it from the reach of the Portal to Portal Act. *Id.* at 517.

Instead, an activity

> is integral and indispensable to the principal activities that an employee is employed to perform–and thus compensable under the FLSA–if it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities. 135 S.Ct. at 519.

Shearer's principal activity was to perform cardiovascular ultrasounds. (Shearer Dep. at 18:4-19:24). While she was required to transport her ultrasound machine, that was not an intrinsic element of her principal activity. Rather, it was analogous to the time spent by the airport workers in *Bonilla* clearing security and riding buses while carrying their personal safety gear, as well as the time spent by the fire alarm inspectors in *Singh* traveling to the first work site of the day while carrying their briefcases. Shearer's travel time is therefore not compensable under the Portal to Portal Act. *See Bonilla*, 487 F.3d at 1342-44; *Singh*, 524 F.3d at 365.[3]

Because Shearer's travel time to and from her house is not compensable, she can avoid summary judgment only by showing that at least on some occasions, her falsification of the time sheets led to the deduction of actual hours worked, beyond her commute to and from home. Shearer testified that even when her commute took less than an hour, she deducted an hour from her time sheet. (Shearer Dep. at 80:22-81:1). That testimony is insufficient to create a genuine dispute of

---

[3] As discussed, Defendants' policy to compensate Shearer for her commute time from home to the first work site and from the last work site home does not make those hours "worked" for purposes of the FLSA. *See* 29 C.F.R. § 785.34 ("[O]rdinary travel from home to work . . . need not be counted as hours worked even if the employer agrees to pay for it.").

material fact for two reasons. First, Shearer testified that the "closest facility [she] would go to would be roughly 30 minutes away" from her house. (*Id.* at 28:21-29:6). Therefore, even assuming Shearer began and ended work at the closest facility to her house, the one hour deducted for commute time would not lead to a reduction of actual hours worked.

Second, any inference from Shearer's testimony is largely negated by the records from the mobile ultrasound machine that Shearer used, which recorded when each examination began and ended. Based on those records, Shearer's contention that she deducted one hour from her time sheets every day she worked is simply implausible. And it is even more implausible that there was any week in which Shearer actually worked uncompensated overtime, in light of the Portal to Portal Act's exclusion of travel time to and from home. *See, e.g.*, December 23, 2011 (inconsistent with Shearer's claim that she reduced her commute time, because ultrasound record shows first scan was at 11:44 a.m. in Sarasota, about 20 miles from Venice (Dkt. 14-8 at p. 8), and Shearer's time sheet shows that she began working at 9:30 a.m. (Dkt. 14-6 at p. 4)); May 25, 2012 (inconsistent with claim of reduced commute time, because ultrasound record shows first scan was at 1:34 p.m. in Sarasota (Dkt. 14-11 at p. 7) and Shearer's time sheet shows she began working at noon (Dkt. 14-6 at p. 14)); and July 20, 2012 (inconsistent with claim of reduced commute time, because ultrasound record shows first scan was at 12:08 p.m. in Winter Haven, about 2 hours travel time from Venice (Dkt. 14-12 at p. 13), and Shearer's time sheet shows she began working at 9 a.m. (Dkt. 14-6 at p. 16)).

Even in light of the "remedial" nature of the FLSA, Shearer lacks any competent evidence to support her claim of uncompensated overtime. "Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary

judgment." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (quotation omitted).

### C. Time Spent Uploading Ultrasounds

Shearer has not met her burden of showing that the time she spent uploading ultrasounds and downloading echocardiograms was uncompensated overtime. *See Allen*, 495 F.3d at 1314-15 ("a FLSA plaintiff bears the burden of proving that he or she worked overtime without compensation."). In her deposition, Shearer testified that her overtime claim was based solely on her "[t]ravel time . . . [t]he hour that was commute time." (Shearer Dep. 72:7-15). She has not quantified the time she spent after hours uploading ultrasounds and downloading echocardiograms. Nor has she presented any evidence that she was not compensated for any such time.

While Dotson testified that Shearer uploaded ultrasounds at home, she said nothing about whether Shearer recorded that time on her time sheets. (Dotson Dep. 19:9-17). In fact, Shearer testified that she "would try to get my tech sheets done" in between jobs, that is, during time that she was paid for. (Shearer Dep. 39:21-40:1). That testimony does not raise a genuine dispute of material fact, and certainly does not meet her burden of demonstrating uncompensated overtime.

Additionally, Defendants contend that any time Shearer spent uploading ultrasounds to the server at home is not compensable because it was *de minimis*. In determining whether "otherwise compensable time" is *de minimis* and excluded from FLSA coverage, courts consider the (1) administrative difficulty of recording the time, (2) the total amount of the time, and (3) the regularity of the additional time. *Burton*, 181 Fed. App'x at 838 (citing *Lindow v. United States*, 738 F.2d 1057, 1063 (9th Cir. 1984)). As noted, Shearer has not quantified the time she spent uploading ultrasounds at home, even though she kept her own time sheets. Accordingly, even drawing all reasonable inferences in her favor, any such time is essentially *de minimis* for purposes of the FLSA.

## IV. CONCLUSION

Based on the undisputed facts, there are no genuine issues of material fact. Defendants' Motion for Summary Judgment (Dkt. 13) is **GRANTED**. The Clerk is directed to **ENTER FINAL JUDGMENT** in favor of Defendants and against Plaintiff and **CLOSE** the file.

**DONE AND ORDERED** this 17th day of December, 2015.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record